IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01158-PAB-GPG

DAVE NICHOLAS,

Plaintiff,

v.

DOUBLE J DISPOSAL, INC.,
JOSEPH LEONARD, and
RACHEL LEONARD,

Defendants.

---

**ORDER**

---

This matter is before the Court on a Joint Motion for Court Approval of Settlement [Docket No. 60] and a Joint Stipulated Motion to Dismiss All Claims Against Defendants [Docket No. 62]. The parties request that the Court approve their settlement of plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Plaintiff worked for Double J Disposal, Inc. ("Double J") from either October 1997 or 1998 to March 5, 2014. Docket No. 37 at 3, ¶ 12; *see also* Docket No. 41 at 4-5, ¶ 12. While working for Double J, plaintiff was paid on a salary basis. Docket No. 37 at 4, ¶ 15. Plaintiff alleges that, during his employment with Double J, he frequently worked in excess of 40 hours per week and was not paid overtime. *Id.* ¶¶ 16-17. Plaintiff alleges that, at all times relevant to this case, plaintiff's title was "Route Supervisor," but that, while he was nominally a supervisor, his primary work consisted

of driving a garbage truck. *Id.* ¶ 19. Plaintiff alleges claims for relief for violation of the FLSA and the Colorado Wage Claim Act. *See generally id.* at 6.[1]

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354.

**I. BONA FIDE DISPUTE**

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010). To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description

---

[1]Additionally, plaintiff alleges causes of action for violation of the Americans with Disabilities Act and the Colorado Anti-Discrimination Act. *See* Docket No. 37 at 7-8. The parties state that they have settled these claims as well. Docket No. 62 at 1. The parties' settlement of plaintiff's discrimination claims, unlike his claim for violation of the FLSA, does not require Court approval.

of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 718 (E.D. La. 2008). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id*. at 719-20.

Plaintiff claims that his primary work consisted of driving a garbage truck and that he held no bona fide supervisory responsibilities. Docket No. 37 at 4, ¶ 19; Docket No. 51 at 2. In defendants' statement of claims and defenses in the scheduling order, defendants state that plaintiff was promoted to a supervisor position in October 1999, that his primary duty was the supervision of route drivers, and, accordingly, plaintiff was subject to the FLSA's exemption for executive employees. *Id.* at 3. Plaintiff states, based on his estimate that he worked no less than 750 hours of overtime during the three years preceding this lawsuit, that he should have been compensated for those hours at a rate of $35.54 per hour. *Id.* at 4. Accordingly, plaintiff states that he is entitled to $26,655 in unpaid overtime and $26,655 in liquidated damages under the FLSA. *Id.* Because defendants maintain that plaintiff was an exempt employee, they argue that plaintiff is not entitled to recover any amount. *Id.* at 5. The Court finds that a bona fide dispute exists.

## II. FAIR AND REASONABLE

To be fair and reasonable, an FLSA settlement must provide adequate

compensation to the employees and must not frustrate the FLSA policy rationales. Courts considering both individual and collective settlements under the FLSA turn to the factors for evaluating the fairness of a class action settlement. *See, e.g.*, *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (evaluating individual action); *Collins*, 568 F. Supp. 2d at 721 (evaluating collective action). The Tenth Circuit considers the following factors when deciding whether to approve a class action settlement under Fed. R. Civ. P. 23(e): (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

Under the terms of the settlement agreement, defendants agree to pay plaintiff $20,000, consisting of $10,000 in back pay (from which defendants will withhold appropriate amounts for tax purposes) and $10,000 in liquidated damages from which no taxes will be withheld. Docket No. 61 at 3, ¶ 2. Additionally, $10,000 will be paid to plaintiff's attorneys. *Id.* The parties argue that this settlement reflects the wide range of damages possible in this case, particularly considering that, if defendants are found to have acted in good faith, plaintiff would not be entitled to an award of liquidated damages even if he obtained a favorable result on the issue of whether he was improperly classified as an exempt employee. Docket No. 60 at 4.

The Court agrees that the settlement is fair and reasonable and reflects an adequate compromise that considers the risks of continuing with this litigation for each

party. There are issues of law and fact in this case that, depending on their outcome, could result in a recovery for plaintiff that is substantially larger than this settlement, or in no recovery at all. Moreover, plaintiff and defendants are represented by experienced counsel who believe that the settlement is fair and reasonable. *Id.* at 4-6.

Next, the Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power. To determine whether a settlement agreement complies with the FLSA, courts look at the following factors: (1) presence of other similarly situated employees; (2) a likelihood that plaintiff's circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA. *Dees*, 706 F. Supp. 2d at 1244. The record shows that no other similarly situated employees have sought to join this action. In addition, there is no evidence that defendants' alleged failure to comply with the FLSA represents a continuing violation or is part of widespread conduct. *See* Docket 60 at 6 (joint representation that no other employee was similarly situated to plaintiff). Moreover, plaintiff is no longer employed by defendant. *Id.* Because the settlement agreement contains no confidentiality provision, the terms of the settlement are public; thus, this case would give notice to future plaintiffs of prior allegations of defendants' improper conduct. *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases).

**III. ATTORNEYS' FEES**

The parties represent that plaintiff's recovery was addressed independently of

attorneys' fees considerations and that his recovery was not influenced by the issue of attorneys' fees. Docket No. 60 at 7. However, the Court must also examine whether the award of $10,000 in attorneys' fees and costs is reasonable. *See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (unpublished) (holding that contingency contract between counsel and plaintiff did not abrogate court's duty to review the reasonableness of legal fees in an FLSA settlement). To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount," which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587-88 (Colo. App. 2000). The lodestar amount may be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. *See Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Plaintiff submits affidavits from two attorneys. Nicholas Mayle's claimed hourly billing rate is $400 per hour, based on his effective hourly rate on contingency fee cases. Docket No. 61-1 at 1, ¶ 6. Mr. Mayle indicates that he has been practicing since 2006. *Id.* ¶ 1. Joseph Azbell's claimed hourly rate is $300 per hour. Docket No. 61-2 at 1, ¶ 6. Mr. Azbell states that he has been practicing law since 2008. *Id.* ¶ 1.

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).[2] The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr*., 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy his burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The parties cite two cases in support of plaintiff's attorneys' hourly rates. In *Baker v. Vail Resorts Mgmt. Co.*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096 (D. Colo. Feb. 24, 2014), the Court found that $280 per hour, rather than the $350 rate claimed by the attorneys, was a reasonable hourly rate in FLSA cases for attorneys with seven and fourteen years' experience, respectively. *Id.* at *3. In *Felix v. Thai Basil at Thornton*, *Inc.*, No. 14-cv-02567-MSK-CBS, 2015 WL 2265177 (D. Colo. May 6, 2015), the court approved an award "approximately 40% lower than the result of the court's lodestar calculation." *Id.* at *3. Although the order did not specify the hourly rate, the

---

[2]Although plaintiff's attorneys are based in Grand Junction, Colorado rather than Denver, the "relevant community" for determining hourly rates is the place where the case is brought and where it would be tried. *Gottlieb v. Barry*, 43 F.3d 474, 485 n.8 (10th Cir. 1994) (the hourly rate in the Tenth Circuit is "based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees") (citation and quotation omitted); *Jane L.*, 61 F.3d at 1510 ("Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state lawyer possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area") (citation and quotation omitted).

filings in that case indicate that the court applied a $495 hourly rate for an attorney with 19 years of experience and a $295 hourly rate for an attorney with four years of experience. *See Felix v. Thai Basil at Thornton, Inc.*, No. 14-cv-02567-MSK-CBS (Docket Nos. 14-3, 19).

The Court finds that plaintiff has not provided adequate evidence in support of the proposed rate. Accordingly, the Court can adjust the rate based on its own familiarity with the range of prevailing rates in the Denver market. *See generally Guides, Ltd.*, 295 F.3d at 1079 ("where a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate"). Recently, courts in this district have approved hourly rates in FLSA cases between $250 and $300 per hour, depending on experience. *See Martinez v. Red's Towing*, No. 14-cv-00458-KLM, 2015 WL 4504775, at *2-3 (D. Colo. July 23, 2015) ($300 for an attorney with thirteen years of experience and $250 for an attorney with eight years of experience); *Albu v. Delta Mechanical Inc.*, No. 13-cv-03087-PAB-KMT, 2015 WL 4483992, at *5-6 (D. Colo. June 30, 2015) ($250 per hour for an attorney with six years of experience, $300 each for two attorneys with, respectively, 15 and 19 years of experience).

Based on the above-cited cases – and accounting for the approximately two years that have passed since the Court last considered a reasonable rate for attorneys in FLSA cases in *Baker* – the Court finds that $300 is a reasonable rate in FLSA cases for attorneys of Mr. Mayle's and Mr. Azbell's experience.

Mr. Mayle indicates that he has spent approximately 8.8 hours on this case and

submitted an itemized list of the work he completed. *See* Docket No. 61-1. Plaintiffs indicate that Mr. Azbell spent a total of 60.25 hours on this case, 14 hours while employed at his current firm, Docket No. 61-1 at 1-2, ¶ 8, and 46.25 hours while he worked at his former firm. Docket No. 61-2 at 1, ¶ 6, 3-5. Additionally, plaintiff's attorneys indicate that their legal assistants, including at least one paralegal, devoted considerable time to this case. Docket No. 61-1 at 2, ¶ 8 (10.6 hours of time spent on the case by paralegal Kirsti Garcia); Docket No. 61-2 at 6-8 (50.9 hours worked by a number of people identified only as "legal assistants").

Even having reduced Mr. Mayle's hourly rate, the Court still finds that the lodestar amount substantially exceeds the $10,000 that plaintiff's attorneys will receive under the settlement. Considering attorney time alone, 8.8 hours of Mr. Mayle's time and 60.25 hours of Mr. Azbell's time, the lodestar amount would be $20,715. Adding in paralegal time would increase that number.[3]

Considering plaintiff's counsel's hourly rate and the lodestar amount, the Court finds that the parties' attorney fee request is reasonable. Therefore, the Court will approve the parties' settlement agreement.

The parties also request that the Court, upon approval of the settlement agreement, dismiss this action with prejudice. Docket No. 62 at 1. Thus, the Court will dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

For the foregoing reasons, it is

---

[3]As the Court cannot discern from Mr. Azbell's affidavit which, if any, of his legal assistants were paralegals, and as the Court finds that the claimed $10,000 fee is reasonable before adding paralegal time to the lodestar amount, the Court declines to determine a specific amount in paralegal fees to add to its lodestar calculation.

**ORDERED** that the Joint Motion for Court Approval of Settlement [Docket No. 60] is **GRANTED**. It is further

**ORDERED** that the Joint Stipulated Motion to Dismiss All Claims Against Defendants [Docket No. 62] is **GRANTED**. It is further

**ORDERED** that this case is dismissed with prejudice in its entirety.

DATED February 12, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge